## FOURTH DEPARTMENT, JULY, 1930.

HORACE PRICE, Respondent, v. THOMAS D. RYAN, Appellant, and GUY B. DICKISON, Respondent.

ESTHER H. PRICE, Respondent, v. THOMAS D. RYAN, Appellant, and GUY B. DICKISON, Respondent.*

CROUCH, J. (dissenting). Defendant Dickison was a general contractor engaged in paving a street in Syracuse. Defendant Ryan was engaged in the trucking business in Syracuse. Dickison over many years had been accustomed to rent trucks with drivers from Ryan. The hiring was by the hour, and the price varied with the size of the truck. The practice was for Dickison to call up Ryan and order a particular type of truck needed for any particular piece of work. The hiring of any particular truck and driver could be terminated by Dickison at any moment. The drivers of the trucks when hired and on the job were told by Dickison what to do. On the evening of May 6, 1928, Dickison ordered a truck for work on a street for the following day. The truck and driver reported to Dickison the next morning. The driver was told to back up his truck to a pile of curbing and get ready to load it. After a part of the curbing had been loaded, Dickison's foreman discovered that the driver of the truck was drunk. There is evidence that some attempt was made to get another driver from Ryan, and that another one could not be had. Thereafter the loading of the truck was completed by Dickison's employees. The foreman then ordered the driver of the truck to drive it to Dickison's yard in another part of the city. Dickison himself had been informed of the driver's condition. Before the truck started, Dickison came up to where the truck was standing, and said to the driver, " Take this load to the yard and get to Hell off the job." The truck was driven to the yard, unloaded, and while returning, either to Dickison's job or to Ryan's place of business, the plaintiff, Esther H. Price, was negligently and wantonly run down

---

by the drunken driver. On the trial a verdict in favor of plaintiff was rendered against Ryan, and a verdict of no cause of action in favor of Dickison. The jury was instructed that Dickison could be held liable only if it was found that the driver of the truck at the time of the accident was acting as the servant of Dickison, engaged in his business. To that instruction exception was taken and the court was requested to charge that irrespective of the question of whether the driver at the moment of the accident was the servant of Dickison, Dickison might be held liable if, either personally or through his foreman, he sent the driver and truck to deliver its load at the yard, knowing at the time that the driver was intoxicated, provided the accident happened as the result of the intoxication. The court refused so to charge. An exception was taken. A motion was made by defendant Ryan to set aside the verdict in favor of defendant Dickison because of the error in that refusal. From the order denying that motion and from the judgment defendant Ryan appeals. I think the refusal to charge as requested was error. Considering the truck and driver as a single instrumentality, Dickison having the option to use it or not, elected to use it with full knowledge that it was defective and dangerous, and that its use involved an unreasonable risk of harm to others; or at least, the jury could so have found. In direct consequence of this act, plaintiff was injured without fault on her part. The act constituted negligence. (See the American Law Institute Restatement of the Law of Torts, Tentative Draft No. 4, sections 189 and 190.) Because of his contingent right to contribution under section 211-a of the Civil Practice Act, ▮ defendant Ryan was a party aggrieved within the meaning of section 557 of the Civil Practice Act. The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. Edgcomb, J., concurs.